**UNITED STATES of America**

v.

**George H. TILLMAN, Appellant, and Morris McGants.**

**No. 71–1838.**

United States Court of Appeals, Third Circuit.

Argued Sept. 7, 1972.

Decided Sept. 27, 1972.

---

Morris H. Wolff, Stassen & Kostos, Philadelphia, Pa., for appellants.

Robert N. deLuca, Asst. U. S. Atty., Philadelphia, Pa. (Carl J. Melone, U. S. Atty., E. D. Pa., on the brief), for appellee.

Before VAN DUSEN, ALDISERT and ADAMS, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

This appeal challenges a July 30, 1971, judgment and commitment based on a jury's verdict, returned January 8, 1971, that defendant was guilty on Counts 1 and 2 of an indictment charging, respectively, violations of 26 U.S.C. §§ 4704(a) and 4705(a) (1970) through sale of narcotics on June 7, 1968. First, defendant relies on the enactment of 21 U.S.C. § 841, which became effective May 1, 1971, and which nullified the mandatory minimum sentences and the prohibition of probation until then required by 26 U.S.C. §§ 7237(b) and (d), to dispute the trial judge's conclusion that he was required to impose at least a five-year sentence without probation on Count 2 of the indictment. The defendant contends that the five-year sentence on Count 2 should be reversed and the case remanded to the trial court for resentencing.

■ This contention of defendant is rejected in view of our decision in United States v. Caldwell, 463 F.2d 590 (3d Cir., 1972), where this court held:

"  .  .  .  [W]e must construe the 'savings provision' of Section 1103(a) to mean that sentencing for violations of the old Act shall not be affected by the new Act. Having reached this conclusion, it becomes clear that the provisions of 1 U.S.C. § 109 have the effect of preserving the penalties prescribed by 26 U.S.C. §§ 4705(a) and 7237(d),  .  .  .  ."

■ Second, defendant argues that he was deprived of a claimed right "to participate in the plea bargaining process" and knowingly to plead guilty. He alleges in his brief that his attorney never told him that Count 2 carried with it a mandatory sentence or that the United States Attorney had offered to drop Count 2 in exchange for a plea of guilty on Count 1, which did not have a mandatory sentence. The record before us, the notes of testimony at the sentencing hearing, is not sufficient to support this allegation.[1] We note that defendant has had the opportunity to raise this contention in a pending habeas corpus proceeding in which decision has not yet been rendered.

The judgment and commitment will be affirmed.

---

1. The trial court recalled only that there had been some plea bargaining (p. 11 of Document 35). Since the record shows that no plea agreement had been reached, the trial judge was properly not involved in any plea discussions which might have been held. *See* A.B.A. Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge, Standard 4.1(a) (1972).

Although defendant stated at one point on the day of sentencing, "I didn't know nothing about a mandatory until this morning," (p. 6 of Document 35), he also said that he had not talked to his counsel at that proceeding "since I was sent back to" the state prison, but such counsel stated "Your Honor, I saw him this morning" (p. 6 of Document 35). Also, the United States Attorney stated (p. 11 of Document 35) that plea bargaining had been conducted prior to, and at the start of, trial, and that defendant's trial counsel "informed me that Mr. Tillman did not want to enter a plea of guilty."